UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARLO WASHINGTON,
FDOC Inmate #472871,
Plaintiff,

v. Case No. 3:23cv17136/MCR/ZCB

G. COOK, et al.,
Defendants.
_____________________/

**REPORT AND RECOMMENDATION**

Plaintiff Marlo Washington is an inmate of the Florida Department of Corrections (FDOC). He is proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983. (Doc. 1). After reviewing Plaintiff's complaint, the Court recommends this case be dismissed without prejudice as malicious under 28 U.S.C. § 1915A(b)(1) because Plaintiff has abused the judicial process.

The prisoner civil rights complaint form requires a prisoner to list his prior litigation history. The form must be signed under penalty of perjury. The Eleventh Circuit has made clear that a prisoner's case may be dismissed without prejudice for misrepresenting litigation history on the complaint form. *See, e.g.*, *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) (affirming dismissal of prisoner's complaint where prisoner failed to identify two prior federal lawsuits).[1] Dismissal

[1] A raft of Eleventh Circuit cases say the same thing. *See, e.g.*, *Kendrick v. Sec'y,*

is appropriate, even if the prisoner claims that a misunderstanding caused his failure to disclose litigation history. *See Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal for failure to disclose litigation history and concluding that prisoner's failure was not excused by his claimed misunderstanding of the form).

Here, the complaint form required Plaintiff to disclose information regarding prior civil cases he had filed in state and federal court. (Doc. 1 at 10-12). Question A asked Plaintiff if he had filed any other lawsuits in federal court dismissed as frivolous, as malicious, for failure to state a claim, or prior to service. (*Id.* at 12). Plaintiff disclosed three cases: (1) *Washington v. Norwood*, No. 2:21cv14192 (S.D. Fla.); (2) *Washington v. Edelen*, No. 4:20cv228 (N.D. Fla.); and (3) *Washington v. Florida*, No. 3:22cv4262 (N.D. Fla.). (*Id.*). Question B asked Plaintiff if he had

---

*Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915"); *Rickerson v. Sec'y, Fla. Dep't of Corr.*, No. 21-12110-F, 2021 WL 6098415, at *1 (11th Cir. Nov. 2, 2021) (concluding dismissal of prisoner's complaint as malicious was warranted where plaintiff disclosed six state actions and two federal actions but failed to disclose additional state actions that related to his incarceration or conditions of confinement); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (affirming dismissal of prisoner's complaint as malicious for abuse of judicial process where prisoner failed to disclose previously filed cases); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same); *Shelton v. Rohrs*, 406 F. App'x 340, 340-41 (11th Cir. 2010) (same); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (same).

"filed any other lawsuits of appeals in state or federal court dealing with the same facts or issue involved in this case." (*Id.* at 10). Plaintiff checked "NO" and did not disclose any cases in response to Question B. (*Id.*). Question C asked Plaintiff if he had filed any other lawsuit in state or federal court either challenging his conviction or relating to the conditions of his confinement. (*Id.*). Plaintiff disclosed four cases, three of which he already disclosed in response to Question A: (1) *Washington v. Bryan*, No. 2:19cv14374 (S.D. Fla.); (2) *Washington v. Edelen*, No. 4:20cv228 (N.D. Fla.); (3) *Washington v. Norwood*, No. 2:21cv14192 (S.D. Fla.); and (4) *Washington v. Florida*, No. 3:22cv4262 (N.D. Fla.). At the end of the complaint form, Plaintiff signed his name after the following certification: "I declare, under penalty of perjury, that the information stated above and included on or with this form, including my litigation history, is true and correct." (*Id*. at 13-14).

Plaintiff, therefore, certified that at the time he filed this case on June 27, 2023, he had not filed any other lawsuit in federal court that was dismissed as frivolous, as malicious, for failure to state a claim, or prior to service, dealt with the same facts and issues as in this case, or related to the conditions of his confinement.[2] The Court has screened Plaintiff's complaint under 28 U.S.C. § 1915A to determine whether it

[2] The "filed" date is the date Plaintiff certified that he delivered the complaint to jail officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (a *pro se* prisoner's document is deemed filed on the date the prisoner delivered it to prison authorities for forwarding to the court).

is subject to dismissal for any of the grounds listed in that statute, including maliciousness. Upon researching Plaintiff's litigation history, the Court has discovered that Plaintiff failed to accurately disclose his litigation history on the complaint form. According to Public Access to Court Electronic Records (PACER), Plaintiff commenced the following action prior to filing his complaint in this case: *Washington v. Cook, et al.*, No. 3:23cv4041/LAC/HTC (N.D. Fla.) (closed Apr. 17, 2023). Plaintiff did not disclose this case anywhere on the complaint form.

Plaintiff should have disclosed *Washington v. Cook, et al.*, No. 3:23cv4041/LAC/HTC (N.D. Fla.) in response to Questions A, B, and/or C. Plaintiff's complaint in *Washington v. Cook, et al.*, No. 3:23cv4041/LAC/HTC (N.D. Fla.) is based on the same facts and issues as the complaint in this case. In *Washington v. Cook, et al.*, No. 3:23cv4041/LAC/HTC (N.D. Fla.), Plaintiff's complaint was dismissed for failure to disclose his litigation history. Thus, Plaintiff was on notice that he is required to fully and accurately disclose his litigation history in his complaint form. Yet, less than three months later, Plaintiff filed the current complaint and failed to disclose a previously filed case that dealt with the same facts as the current case (Question B), was dismissed as malicious (Question A), and related to the conditions of his confinement (Question C).

How does the Court know that this Marlo Washington and the Marlo Washington that commenced the above case are one and the same? The plaintiff in

case No. 3:23cv4041/LAC/HTC listed FDOC Inmate #472871 on his initial complaint. Plaintiff lists the same inmate number on the complaint form in this case. (Doc. 1 at 1).

The prior litigation portion of the complaint form serves important purposes. First, it permits efficient consideration of whether the prisoner is entitled to pursue the current action under the Prison Litigation Reform Act's "three strikes" provision. Second, it allows the Court to determine whether an action is related to, or otherwise should be considered in conjunction with, another lawsuit. Third, it enables the Court to determine whether any issues raised in the current action have been previously decided by another judge. These purposes are thwarted, and the efficiency of the judicial system diminished, when a prisoner misstates his litigation history on the complaint form.

Plaintiff's *pro se* status does not excuse him from following the rules, including the requirement that litigants be truthful with the Court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (stating that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant"). The Court is concerned that if misrepresentations on the complaint form are not met with consequences, then word will spread throughout the prisons that the complaint forms need not be truthfully completed. *See Rodriguez v. Inch*, No. 4:19cv191/RH/HTC (Doc. 52) (N.D. Fla. June 7, 2020)

("If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose.").

As detailed above, Plaintiff misrepresented—under penalty of perjury—his prior litigation history on the complaint form. He did so, despite having a case dismissed for failure to disclose his litigation history less than three months prior. Consistent with the Eleventh Circuit precedent previously cited, it is recommended that Plaintiff's complaint be dismissed without prejudice.[3]

Accordingly, it is respectfully **RECOMMENDED**:

1. That this case be **DISMISSED without prejudice** as malicious, pursuant to 28 U.S.C. § 1915A(b)(1);

2. All pending motions be **DENIED as moot**; and

---

[3] Providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit would be an inadequate sanction for his conduct. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940-41 (11th Cir. 2010) (holding that district court did not abuse its discretion by not providing a prisoner with an opportunity to amend his complaint to disclose lawsuits that should have been disclosed initially).

3. The Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 14th day of July 2023.

/s/ Zachary C. Bolitho
Zachary C. Bolitho
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**